■ POLYDOR INCORPORATED, Respondent, v JOE JOHNSON, Appellant, et al., Defendant. POLYDOR INCORPORATED, Appellant-Respondent, v JOE JOHNSON, Respondent-Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered November 3, 1978, which, *inter alia,* granted plaintiff's motion for a default judgment, unanimously affirmed, with costs and disbursements. Appeal and cross appeal from order, Supreme Court, New York County, entered June 19, 1978, which, *inter alia,* denied plaintiff's cross motion for a default judgment, unanimously dismissed, as academic, without costs or disbursements. In this morass of legal maneuvering over the simple issue of whether defendant was personally served, one fact predominates: defendant's unremitting unwillingness to answer the complaint and proceed to a resolution of the issues. The success of his efforts can be best gauged by the fact that it is now over two years since suit was commenced. He has yet to answer. In an order entered April 13, 1978, after a hearing, Trial Term determined that defendant had been personally

served. Although that order was subsequently vacated, the finding of personal service is supported by the evidence. The vacatur and entry of a resettled order were necessary because the original order contained a recital that defendant's motion to vacate the default judgment was being granted. In fact, defendant had never made such a motion, although the order referring the traverse to Trial Term, because of its ambiguity, could be interpreted to have granted a default judgment, subject to a finding of personal jurisdiction. The resettled order was intended to encompass accurately the letter and spirit of certain concessions made by defendant's counsel in open court. On April 3, 1978, in response to the court's inquiry, defendant's attorney stipulated, *inter alia,* that the court had jurisdiction. Thus, the finding of personal service became unnecessary. This stipulation, as well as other concessions, were prompted by Trial Term's zeal to avoid default and afford defendant his day in court, and were an obvious trade off for the denial of plaintiff's motion for a default judgment, to which it was otherwise entitled. Thus, there is no merit to defendant's cross appeal from the resettled order insofar as it provided that defendant would not challenge the jurisdiction of the court. The tactics thereafter employed in avoiding the obligation to answer, as directed in the resettled order, are a sorry comment on the lengths to which counsel will go in the service of a recalcitrant litigant. In view of all that had previously transpired, the grant of plaintiff's subsequent motion for a default judgment was proper, and we see no reason to disturb that determination. In addition to engaging in dilatory tactics, defendant has never made any showing of merit. In view of our affirmance of the grant of a default judgment, the appeal and cross appeal from the earlier resettled order are, of course, rendered academic. Concur—Birns, J. P., Sandler, Sullivan, Markewich and Lynch, JJ.